IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Devon Adams, | ) | C/A No. 0:13-3330-JFA-PJG |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Warden, FCI-Estill, | ) | |
| Respondent. | ) | |

The petitioner, Keith Devon Adams ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution-Estill, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

On July 16, 2009, Petitioner was sentenced by the United States District Court in the Southern District of Florida to a 288-month term after being found guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit. Petitioner claims actual innocence of the "ACCA" enhancement under 18 U.S.C. § 924(e),[1] claiming that Florida's burglary

---

[1] The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes a mandatory minimum fifteen-year sentence on felons who unlawfully possess, among other things, firearms, and who also have three or more previous convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).

statute does not qualify as a predicate offense under the ACCA,[2] citing Descamps v. United States, 133 S. Ct. 2276 (2013). (ECF No. 1-1 at 1.) Plaintiff asks for a re-sentencing hearing. (ECF No. 1 at 5.)

II.     Discussion

    A.     **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing Section 2254 Cases[3]; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

---

[2] Petitioner brought the following issue on appeal before the Eleventh Circuit: "Adams argues that basing his designation as an [armed career criminal] on a prior conviction for burglary was error because burglary should not be classified as a 'violent felony' for the purposes of the ACCA." United States v. Adams, 372 F. App'x 946, 947 (11th Cir. 2010).

[3] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. See Rule 1(b), 28 U.S.C. foll. § 2254.

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1995).

**B.    Analysis**

The instant petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). In this case, Petitioner's records in the United States District Court for the Southern District of Florida reflect that Petitioner filed a motion to vacate under § 2255 on June 27, 2011, which was denied by the court

PJG

on January 27, 2012.[4]  Adams v. United States, No. 1:11-cv-22325-KMM (S.D. Fl.). The district court denied Petitioner's motion for a certificate of appealability, and the Eleventh Circuit Court of Appeals dismissed his appeal for want of prosecution. Id. at ECF Nos. 23, 28. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In Re Vial, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention.[5] In In re Jones, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[4] The court may take judicial notice of factual information located in postings on government websites. See McCormick v. Wright, C/A No. 2:10-cv-33-RBH, 2010 WL 565303, at *2 (D.S.C. Feb. 17, 2010); In re Katrina Canal Breaches Consolidated Litigation, C/A No. 05-4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (collecting cases); Williams v. Long, 585 F. Supp. 2d 679, 685–89 (D. Md. 2008).

[5] Petitioner relies upon the Eleventh Circuit's test in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), which provides:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. at 1244. Petitioner, however, makes no claim that he is "actually innocent" of his predicate offense. See Bousley v. United States, 523 U.S. 614, 623 (1998) (explaining that "'actual innocence' means factual innocence, not mere legal insufficiency").

In re Jones, 226 F.3d at 333–34.  In the present case, Petitioner argues that he is "actual[ly] innocent" of his sentence enhancement pursuant to the ACCA.  However, the United States Court of Appeals for the Fourth Circuit has not extended the reach of the savings clause to petitions which challenge only a sentence.    United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008).  Accordingly, Petitioner's action, seeking a determination that his sentence is illegal, fails to state a cognizable § 2241 claim.  See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

As Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence, this matter should be dismissed.

**III.     Conclusion**

Accordingly, the courts recommends that the petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 12, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).