UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Devon Adams, | ) | C/A No. 0:13-3330-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, FCI Estill, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Keith Devon Adams, is a federal inmate housed at the Federal Correctional Institution (FCI) in Estill, South Carolina. He brings this action under 28 U.S.C. § 2241 challenging his federal sentence imposed by the Southern District of Florida. Specifically, petitioner claims actual innocence of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), contending that Florida's burglary statute does not qualify as a predicate offense under the ACCA, citing *Descamps v. United States*, 133 S.Ct. 2276 (2013).

The petitioner went to trial in the United States District Court for the Southern District of Florida and was found guilty of possession of a firearm by a convicted felon. He was sentenced on July 16, 2009 to 288 months imprisonment. He filed an unsuccessful direct appeal of his sentence arguing that his designation as an armed career criminal was in error. On June 27, 2011, petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court in Florida.

1

The petitioner now asks this court to resentence him without his career offender designation, contending that he is actually innocent of his sentence enhancement pursuant to the ACCA.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the petitioner's § 2241 motion should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Magistrate Judge's Report and Recommendation. However, the petitioner did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge has reviewed the § 2241 claims in light of the three-part test set out in *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). A petition attacking the validity of a sentence should normally be brought under 28 U.S.C. § 2255. Because the petitioner has already filed one § 2255 petition, a second or successive petition is prohibited unless he can

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

obtain certification from the Eleventh Circuit Court of Appeals, which he has not done.

The Magistrate Judge properly notes that this court's analysis is restricted to whether the petitioner can file a § 2241 petition pursuant to the savings clause of § 2255. The Magistrate Judge correctly suggests that petitioner's § 2241 action is barred because he cannot demonstrate that the relief available to him under 28 U.S.C. § 2255 is inadequate or ineffective. The Magistrate Judge has reviewed the petitioner's complaint pursuant to *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and concludes that the petitioner does not satisfy the elements required under *In re Jones* to invoke the "savings clause" of § 2255(e). Thus, the present petition must be dismissed as this court is without jurisdiction to entertain it.

The court has carefully reviewed the record in this case, the applicable law, and the Report and Recommendation, and finds the Magistrate's suggested disposition is proper. For the foregoing reasons, the Report and Recommendation is incorporated herein by reference and the § 2241 petition is dismissed.

IT IS SO ORDERED.

April 7, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge